IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:10CV297-03-MU

| | |
|---|---|
| MICHAEL RANKINS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | |
| ) | **O R D E R** |
| ALVIN W. KELLER, JR., ) | |
| ) | |
| Respondent,. ) | |
| _____) | |

**THIS MATTER** comes before the Court on Petitioner's Motion for Discovery and to Appoint Counsel (Doc. No. 12.)

First, there is no constitutional right to counsel in habeas proceedings under 28 U.S.C. § 2255. Crowe v. United States, 175 U.S. 799 (4th Cir. 1949), cert denied, 338 U.S. 950 (1950). Furthermore, the Petitioner is adequately representing himself. Consequently, Petitioner's Motion for Appointment of Counsel is denied.[1]

Next, with respect to Petitioner's Motion for Discovery, generally, habeas petitioners

---

[1] To the extent that Petitioner claims that the Respondent has violated his Constitutional right of access to the courts because he has no access to an adequate law library and no access to persons trained in the law, such claim, if actionable, would be properly raised in a 42 U.S.C. § 1983 and not in the instant habeas petition. Moreover, prison officials must provide prisoners with either law libraries or person trained in law. Bounds v. Smith, 430 U.S. 817, 828 (1977). However, a state need not provide both law libraries and advisors. Williams v. Leeke, 584 F.2d 1336, 1339 (4th Cir. 1978). Indeed, law libraries are not required so long as the State has established an attorney assistance program, which North Carolina has done. Bounds v. Smith, 430 U.S. 817, 828 (1977); Smith v. Bounds, 813 F.2d 1299, 1301-02 (4th Cir. 1987). Because North Carolina has established an attorney assistance program, law libraries are not required. Plaintiff's claim that this Court should appoint him counsel because he does not have access to a law library or a person trained in the law to assist him in this case is without merit.

1

have no right to automatic discovery. Stanford v. Parker, 266 F.3d 442, 460 (6th Cir. 2001). Pursuant to Habeas Rule 6(a) a prisoner must seek leave of court and demonstrate good cause before he is entitled to any form of discovery in a federal habeas corpus proceeding. Discovery is extremely limited in such proceedings. See Bracy v. Gramley, 520 U.S. 899 (1997). Rule 6 allows discovery in a habeas proceeding only "where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief." Id. at 908-90 (1997) The burden of demonstrating the materiality of the information is on the moving party, Stanford, 266 F.3d at 460, and Rule 6 does not "sanction fishing expeditions based on conclusory allegations. Williams v. Bagley, 380 F.3d 932 (6th Cir. 2004).

In the instant motion, Petitioner has not identified any specific information he is seeking in discovery. Therefore, he has not established good cause entitling him to discovery and his Motion for Discovery will be denied.

**NOW, THEREFORE, IT IS ORDERED** that Plaintiff's Motion for Appointment of Counsel and for Discovery is **DENIED**.

**SO ORDERED**.

Signed: August 4, 2010

Graham C. Mullen
United States District Judge